IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WASHINGTON
AT TACOMA

NSC ATLANTIC TRADING GMBH  )
& CIE. KG,                 )
                           )  Civil Action No.:
    Plaintiff,             )
                           )
v.                         )
                           )  **IN ADMIRALTY**
SIVA BULK DMCC,            )
                           )
    Defendant,             )
                           )
and                        )
                           )
WILHELMSEN SHIP SERVICE, INC. )
                           )
 The Master of the M/V PRASLIN, )
                           )
    Garnishees.            )
_____)

**VERIFIED COMPLAINT WITH REQUEST FOR
ISSUE OF PROCESS OF
<u>MARITIME ATTACHMENT AND GARNISHMENT</u>**

COMPLAINT - 1
Case No.

Plaintiff NSC ATLANTIC TRADING GMBH & CIE. KG ("NSC Atlantic") brings this action against Defendant SIVA BULK DMCC ("Siva") *quasi in rem* pursuant to Supplemental Rule B for Certain Admiralty and Maritime Claims, requesting the issue of writs of maritime attachment and garnishment including against the Garnishee and states as follows:

### Jurisdiction and Venue

1. This is an action within this Court's admiralty jurisdiction pursuant to 28 U.S.C. § 1333 and is an admiralty or maritime claim within Fed. R. Civ. P. 9(h).

2. Venue is proper in this District because the Garnishee is located, can be found, and can be served with process in this District.

3. Venue is also proper in this District because Defendant's property is or soon will be in this District.

4. Defendant cannot be found in this District within the meaning of Supplemental Rule B.

### The Parties

5. NSC Atlantic is a corporation, duly organized under the laws of the German Federal Republic.

6. OCM Maritime Visions LLC, a Marshall Islands entity, is the owner of the vessel PRASLIN, IMO 9544750 ("Vessel").

7. Siva purports to be a private limited company registered under the laws of the United Arab Emirates. Upon information and belief, Siva chartered the Vessel and has aboard certain fuel bunkers belonging to Siva.

COMPLAINT - 2
Case No.

**Facts**

8. NSC Atlantic bareboat chartered the ALMIRANTE STORNI from its owner, MS NEPTUNE Schifffahrtsgesellschaft MBH & Co KG ("AS Owner"), see Exhibit A.

9. Siva time chartered the ALMIRANTE STORNI from NSC Atlantic under a maritime contract ("Time Charter") whereby Siva agreed and was obligated to provide and pay for bunker fuel, see Exhibit B.

10. Siva subchartered the ALMIRANTE STORNI to Victore Shipping ("Victore").

11. As the sub charterer, Victore ordered certain fuel bunkers from Shipoil Limited ("Shipoil") for the vessel ALMIRANTE STORNI on or about June 6, 2018.

12. Siva and Victore failed to pay for the Shipoil bunkers, and Shipoil began legal proceedings in Brazil and obtained an arrest order against the ALMIRANTE STORNI.

13. NSC Atlantic, as the bareboat charterer of the ALMIRANTE STORNI, was obligated to protect the ALMIRANTE STORNI from lien claims such as that asserted by Shipoil.

14. AS Owner settled the claims of Shipoil under the terms of a Settlement and Assignment Agreement dated as of June 4, 2019, see Exhibit C, which charges were the obligation of NSC Atlantic under the time charter with AS Owner.

15. Under the Bareboat Charter between NSC Atlantic and AS Owner, NSC Atlantic is obligated to reimburse all sums that AS Owner agreed to pay to Shipoil and

COMPLAINT - 3
Case No.

all costs Owners of the AS have incurred as a result of Shipoil's action against the Vessel. The amounts due are USD$243,100 plus interest at 2% per month plus costs to date, which at that time were USD $23,000, plus attorney fees for AS Owner in Brazil of USD$13,823.

### Count I – Breach of Maritime Contract

16. NSC Atlantic incorporates the above paragraphs as if fully set forth herein.

17. Siva breached its maritime contract with NSC Atlantic as set out above, namely, by failing to pay as the Time Charter requires. Despite repeated demand, NSC Atlantic remains unpaid.

18. When NSA Atlantic commences London arbitration with Siva it will seek recovery of (a) all sums it is obligated to pay AS Owner plus (b) costs of the arbitration (legal costs + Tribunal costs), estimated at USD$150,000.

19. NSC Atlantic therefore demands judgment, as set out more fully below.

### Count II: Maritime Attachment and Garnishment (Rule B)

20. NSC Atlantic incorporates the above paragraphs as if specifically set forth herein.

21. NSC Atlantic seeks issue of process of maritime attachment so that it may be paid the sums due and owing.

22. No security for NSC Atlantic's claims has been posted by Siva or anyone acting on its behalf to date.

23. Siva cannot be found within this District within the meaning of Rule B,

COMPLAINT - 4
Case No.

but is believed to have, or will have during the pendency of this action, property and/or assets in this jurisdiction consisting of cash, funds, freight, hire, bunkers, and/or credits in the hands of Garnishees in this District, including but not limited to the named Garnishee.

24. By information and belief, Wilhelmsen ("Wilhelmsen") is an agent for Siva. Given this, NSC Atlantic believes that Garnishee Wilhelmsen will, therefore, have in its possession funds and deposits belonging to Siva. Garnishee is present in this District and therefore NSC Atlantic believes that funds owed to Siva are also present in this District.

25. Likewise, the Master of the Vessel holds or controls Siva property, including but not limited to the bunkers of the Vessel.

**Prayer for Relief**

WHEREFORE, NSC Atlantic prays:

A. That in response to Count I, this Court have this case proceed for the security of NSC Atlantic against Siva in the amount of at least $429,923 plus further amounts for interest, costs and attorneys' fees;

B. That in response to Count II, since Defendant cannot be found within this District pursuant to Supplemental Rule B, this Court issue an Order directing the Clerk to issue Process of Maritime Attachment and Garnishment pursuant to Rule B attaching all of Siva's tangible or intangible property or any other funds held by any Garnishee including the bunkers on board the Vessel, up to the amount of at least the amount demanded herein to secure NSC Atlantic's claims, and that all persons claiming any

COMPLAINT - 5
Case No.

interest in the same be cited to appear and, pursuant to Supplemental Rule B, answer the matters alleged in the Verified Complaint;

     C.     That as provided in Supplemental Rule B, that such person over 18 years of age be appointed as moved for herein pursuant to Supplemental Rule B and Fed.R.Civ.P. 4(c) to serve process of Maritime Attachment and Garnishment in this action;

     D.     That this Court award NSC Atlantic such other and further relief that this Court deems just and proper.

Dated: June 28, 2019.

                    HOLMES WEDDLE & BARCOTT, PC
                    Attorneys for Plaintiff Coastal Transportation, Inc.

                    /s/ John E. Casperson
                    John E. Casperson, WSBA No. 14292
                    999 Third Avenue, Suite 2600
                    Seattle, WA 98104-4011
                    Fax: 206-340-0289
                    Email: jcasperson@hwb-law.com

G:\827\16583 - JEC\PRASLIN\Complaint 6-28-19.docx

COMPLAINT - 6
Case No.

## VERIFICATION

I, Barry Aviiffe, being first duly sworn, upon oath depose and state that I am a Senior Solicitor with The North of England P&I Association, Limited, the insurance underwriter for plaintiff in this action. I have read the above and foregoing complaint, know the contents thereof and believe the same to be true. I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

DATED this ____ day of June, 2019.

_____
Barry Aviiffe, Senior Solicitor
The North of England P&I Association, Limited